stated in his affirmation that the disc herniations and radiculopathies were causally connected to the accident (see e.g. Fuentes v Sanchez, 91 AD3d 418 [2012]).

Defendants failed to meet their initial burden as to plaintiff's 90/180-day claim, since they relied only on the reports of their medical experts who did not examine plaintiff during the relevant statutory period and did not address plaintiff's condition during the relevant period (see Quinones v Ksieniewicz, 80 AD3d 506, 506-507 [1st Dept 2011]). Viewing the evidence in a light most favorable to plaintiff, as we must at this procedural posture, Supreme Court properly denied defendants' motion as to the 90/180-day claim (see Cruz v Rivera, 94 AD3d 576 [1st Dept 2012]; Morris v Cisse, 58 AD3d 455, 456 [1st Dept 2009]; Alexandre v Dweck, 44 AD3d 597 [2d Dept 2007]). Concur— Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN THOMAS, Appellant. [953 NYS2d 179]—

Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.

■ In the Matter of JOHN DICKINSON, Petitioner, v NEW YORK STATE UNIFIED COURT SYSTEM, Respondent. [952 NYS2d 189]—

Substantial evidence supports respondent's determination (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). Petitioner was charged with both misconduct and incompetency due to excessive absenteeism and lateness. Although petitioner correctly notes that misconduct "requir[es] a showing of willfulness or intentional conduct" (Matter of Weatherlow v Board of Educ. of Jamestown City